IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY W.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 3:20-cv-01000-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Randy W. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for social security disability insurance benefits. Full consent to magistrate jurisdiction was entered on June 24, 2020 (Dkt. #5). For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff is a 55-year-old man who alleges he is unable to work due to a variety of conditions such as degenerative disc disease, a history of ankylosing spondylitis, recurrent right inguinal hernia, history of skin cancer, hypertension, fatigue, and specific learning disorder with impairment in reading.

Plaintiff originally filed Title II and Title XVI applications for a period of disability and disability insurance benefits on August 24, 2017. Tr. 225-235. The applications alleged disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

beginning January 1, 2013. *Id.* He was initially denied on January 23, 2018. Tr. 53-91, and again on reconsideration on May 3, 2018. Tr. 93. He requested a hearing before an ALJ. Tr 161. Plaintiff appeared and testified at a hearing held on March 18, 2019. Tr. 35- 62. ALJ Elizabeth Watson found Plaintiff not disabled on April 11, 2019. Tr. 10-35. The Appeals Council denied the claim on April 30, 2020, making the ALJ's decision the final agency decision. Tr. 1-5. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe

        impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

See also Bustamante v. Massanari, 262 F.3d 949, 954-55 (9th Cir. 2001).

        The claimant bears the burden of proof at steps one through four. Id. at 954. The Commissioner bears the burden of proof at step five. Id. at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); see also 20 C.F.R. §§ 404.1566; 416.966 (describing "work

3 - Opinion and Order

which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017. Tr. 15.

2. Plaintiff has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date. Tr. 15.

3. Plaintiff has the following severe impairments: degenerative disc disease, history of ankylosing spondylitis, recurrent right inguinal hernia, history of skin cancer and specific learning disorder with impairment in reading. Tr. 16.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 16.

5. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and/or carry twenty pounds occasionally and ten pounds frequently; standing and/or walking about six hours and sitting about six hours in an eight hour workday with normal breaks; no climbing of ladders, ropes, or scaffolds; occasional stooping; he is limited to indoor work; and he is limited to understanding and carrying out simple instructions in a work environment with few changes. Tr. 19.

6. Plaintiff is unable to perform any past relevant work. Tr. 28.

7. Plaintiff was born on April 7, 1966, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age. Tr. 28.

8. Plaintiff has a limited education and is able to communicate in English. Tr. 29.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. Tr. 29.

10. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including garment sorter and officer sorter. Tr. 29.

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of this decision. Tr. 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing

*Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly determined Plaintiff's severe impairments at Step Two.
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.
3. Whether the ALJ properly evaluated the lay witness testimony.
4. Whether the RFC was supported by substantial evidence.

For the following reasons, the Court finds that the ALJ properly evaluated the evidence. The RFC is supported by substantial evidence. The decision of the Commissioner is affirmed.

**I.     The ALJ did not err at Step Two.**

At step two, the ALJ must determine if the claimant has a medically determinable impairment that meets the durational requirements and "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c). For example, for a mental impairment to be severe it must affect the claimant's ability to see, hear, and speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers and usual work situations; and deal with routine changes. 20 C.F.R. § 404.1522(b)(2)-(6). The ALJ is required to consider the combined effect of all of the claimant's impairments on his or her ability to function. Howard ex rel. *Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has a severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all of the claimant's limitations, severe or not. SSR 96-9p, 1996 WL 374184. Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all of the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless.

Here, at step two, the ALJ found that symptoms and complaints of an unspecified neurocognitive disorder "appear[ed] in the medical treatment records periodically ... but there is nothing to show that they are more than transient or cause significant vocational limitations." Tr. 16. The only support for an unspecified neurocognitive disorder came from Dr. Smasal's intellectual evaluation of Plaintiff. Tr. 469. Dr. Smasal concluded that Plaintiff had a "fair" level of independence at home and in the community, was "able to perform some work-related mental activities, such as the ability to understand and remember instructions," and had intellectual abilities that fell "within the Extremely Low to Low Average range." Tr. 469. Dr. Smasal diagnosed Plaintiff with an "Unspecified Neurocognitive Disorder." Tr. 469. This diagnosis was

7 - Opinion and Order

based on a one-time processing speed index score and was discussed nowhere else in Plaintiff's history of treatment records. Tr. 469.

Additionally, as stressed throughout the ALJ's decision, Plaintiff worked as a painter until at least late 2017, half a year after Plaintiff had applied for disability benefits. Tr. 13, 21-28, 465, 578. Dr. Smasal's evaluation, dated October 26, 2017, showed that Plaintiff "works about four hours a day, three days a week." Tr. 465. This indicated that any limitations associated with an unspecified neurocognitive disorder, about which there was almost no other discussion in the record, did not significantly impair Plaintiff's mental ability to do basic work activities. The ALJ thus reasonably relied on substantial evidence in finding that Plaintiff's unspecified neurocognitive disorder was not severe. Moreover, even if the ALJ had erred, it would not have been harmful because the ALJ continued all the way to Step Five of the sequential evaluation process. Tr. 16-30.

## II. The ALJ properly evaluated Plaintiff's subjective symptom testimony and gave clear and convincing reasons to discount the alleged severity of his symptoms.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms"

8 - Opinion and Order

reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20. The ALJ explained that Plaintiff's complaints were inconsistent with his work activity and other activities of daily living. Tr. 20-28. When Plaintiff completed a function report in August 2017, he indicated that he had difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks, following instructions, and using his hands. Tr. 296. But he was still working as a painter at that time. Tr. 465, 578. Moreover, Plaintiff reported he had no problems with personal care, was able to prepare meals daily, do house and yard work with help from his son for heavy lifting, go outside up to two or three times a day, walk at least a block or two, go out alone, shop, handle money, lift 25-30 pounds, pay attention, drive, and finish what he started. Tr. 293-97. The ALJ wrote that Plaintiff's work and activity levels showed that he could perform work consistent with his residual functional capacity. Tr. 22.

9 - Opinion and Order

The ALJ also explained in detail how the medical record was contrary to the severity of symptoms Plaintiff alleged. Tr. 19-28. For instance, the ALJ thoroughly discussed the treatment providers Plaintiff saw in 2017 and 2018 who generally found that he was alert, fully oriented, and able to carry a conversation without distress, from which the ALJ determined that Plaintiff does not experience cognitive or social limitations in excess of those listed in the RFC. Tr. 25.

The ALJ also pointed numerous times to the fact that Plaintiff continued working as a painter, including "always lifting ladders and paint cans; " the ALJ found that these work tasks were inconsistent with the allegations and pointed out that the medical record "shows inconsistent and intermittent treatment that suggests at best only slightly limited physical restrictions at any given time and fails to support the allegation of a period of significant limitation that exceeds the RFC." Tr. 26.

Though Plaintiff contends that the ALJ "cherry-picked" instances in the record to show that Plaintiff was capable of working within the limitations given in the RFC, the main issue he highlights in his section regarding the RFC is his need to take more breaks at unscheduled intervals due to pain, fatigue, vomiting, headaches, and an unspecified neurocognitive disorder. However, the ALJ adequately addressed Plaintiff's history of pain, fatigue and vomiting as related to his treatment and recovery from his hernia in 2018. It's clear that Plaintiff continued to suffer complications on and off throughout 2018, including small bowel obstruction in July and a post-operative infection in October, but as the ALJ pointed out, the medical records show that he was recovering well after each incident. By December 2018 Plaintiff was examined and the providers found that he had a soft, non-tender, non-distended abdomen, with no guarding or rebound, 5/5 strength, normal gait, and Plaintiff denied any abdominal pain. Thus, Plaintiff has now shown that these symptoms are expected to persist or that they are not adequately addressed

by the RFC. Regarding the unspecified neurocognitive disorder, the ALJ thoroughly addressed the medical record relating to Plaintiff's mental impairments. Moreover, Plaintiff has not pointed to specific evidence in the record showing that the limitations in the RFC do not appropriately address his impairments, or that he must take more breaks than normally allowed, at unscheduled times.

Plaintiff discusses the same evidence reviewed by the ALJ, but he comes to a different conclusion. The Court finds that the ALJ exhaustively reviewed this all of this evidence, and while Plaintiff may disagree with the ALJ's ultimate conclusions about the evidence, the ALJ's interpretation and conclusions are not unreasonable as a matter of law. The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Here, Plaintiff's interpretation of the evidence is reasonable, but so is the ALJ's interpretation. The ALJ gave clear and convincing reasons, and substantial evidence supports the ALJ's assessment regarding Plaintiff's subjective symptom testimony.

### III. The ALJ properly evaluated the lay witness testimony.

Plaintiff's son is a nonmedical source under the Agency's regulations. 20 C.F.R. §404.1502(e). An ALJ is required to "only give germane reasons" to discount such lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citation omitted).

Here, the ALJ found the statement from Plaintiff's son "to be of limited value for arriving at a determination of the claimant's overall residual functional capacity." Tr. 28. The ALJ explained, "Mr. W.'s statements were not persuasive despite being generally consistent with the

11 - Opinion and Order

claimant's allegations. Even if one accepts these allegations as completely true, they do not describe symptoms so severe as to preclude the claimant from working at jobs consistent with the residual functional capacity outline in this decision." Tr. 28. The ALJ further noted that "the objective medical evidence does not support the level of limitation described in [Mr. W.'s] statement." Tr. 28.

Thus, the ALJ gave a germane reason for discounting the lay witness statement by determining that the medical evidence did not support the statement. Additionally, the ALJ also determined that the lay witness statement, even if fully credited, did not preclude work consistent with the RFC. The ALJ did not err in this regard.

### IV. The RFC is supported by substantial evidence.

A residual functional capacity represents "the most [a person] can still do despite [that person's] limitations," and is assessed based on all relevant evidence in the case record. 20 C.F.R. § 404.1545; SSR 96-8p, available at 1996 WL 374184, at 1. Determining the claimant's residual functional capacity is the ALJ's responsibility. 20 C.F.R. § 404.1546(c). The ALJ must consider the whole record and weigh the medical and testimonial evidence. SSR 96-8p at 1. The Court affirms the ALJ's determination of the residual functional capacity if the ALJ applied the proper legal standards and the decision is supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, substantial evidence supported the residual functional capacity finding, and the ALJ did not err in applying any legal standards. Plaintiff argues, as discussed above, that the RFC does not provide for extra breaks at non-scheduled times. For the same reasons above, the ALJ did not err in this regard. The ALJ properly considered the evidence of record, including

multiple medical opinions and the Plaintiff's long history of treatment and recovery. The RFC adequately accounted for established impairments. The ALJ's decision is affirmed.

## ORDER

The ALJ properly evaluated the evidence, and the RFC is supported by substantial evidence. The final decision of the Commissioner is affirmed.

It is so ORDERED and DATED this 30 day of March, 2022.

MARK D. CLARKE
United States Magistrate Judge